NUMBER 13-99-721-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


SIXTY SIX THOUSAND FOUR 

HUNDRED DOLLARS ($66,400.00) 

IN U.S. CURRENCY, ET AL.
, Appellants,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 357th District Court


of Willacy County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Justice Dorsey



 This is an appeal from a judgment ordering forfeiture of a handgun
and $66,400.00 of U.S. Currency. The code of criminal procedure
provides for forfeiture of contraband, which is defined as property that
is used or intended to be used in the commission of certain felonies. 
See Tex. Code Crim. Proc. Ann. art. 59.01, 59.02. The appellant
contends that the State failed to present legally and factually sufficient
evidence to establish that the items were contraband. We agree, and
reverse the judgment of the trial court and render judgment in favor of
the appellant.

 In order to justify forfeiture, the State must show a reasonable
belief "that a substantial connection exists between the property to be
forfeited and the criminal activity." $56,700 in U.S. Currency v. State,
730 S.W.2d 659, 661 (Tex. 1987). The evidence offered by the State in
this case was that two men from Indiana who were driving north on
Highway 77 in a pickup truck were stopped for failing to maintain a
single lane. The officers discovered a gun located in the spare tire
compartment in the bed of the truck and that the gas tank appeared to
have been removed because paint on the nuts securing the tank had
scratches. This can suggest drug activity because drugs are often
transported in gas tanks. They requested consent to search the entire
vehicle. A consensual search revealed a briefcase located under the
seat containing $66,400 in cash and, hidden in the engine
compartment, a small amount of marijuana (1.24 oz.). The gas tank
was removed but no evidence of illegal activity was found.

 The driver claimed ownership of the marijuana and said it was for
recreational use. The passenger told the officers that the money was
his and that he planned to use it to purchase property in Brownsville. 
He told the officers he did not know the exact amount of money in the
briefcase, but estimated it was around $40,000.

 From these facts, the officers concluded that the money was
obtained either through some sort of illicit means or was going to be
used for the purchase of narcotics or some other type of contraband. 
The evidence is not sufficient to support such an inference. Since
possession of the 1.24 ounces of marijuana was only a misdemeanor,
the State was required to show that the alleged contraband was a part
of a larger, felonious drug crime. See Tex. Health & Saf. Code Ann. §
481.121.

 The officers testified that the small amount of marijuana could
have been a "sample" for a larger drug deal and the fact that the
passenger did not know the exact amount of money in the briefcase
could indicate that he was a "mule"--that is, someone who merely
transports drugs or money for someone else and who, most likely,
would not know how much money they were transporting. They also
testified that the fact that the majority of the bills were twenty dollar
bills leads to the conclusion that it was involved in a drug deal, because
twenty dollar bills are the most common denomination used in drug
cases. The officers also testified that when the two men were initially
stopped, they gave conflicting accounts of why they were in the area. 
While the driver said they had been in the Valley for the last few days
visiting some cousins and staying in a hotel, the passenger said that
they had gone to Brownsville for the day looking for some friends, but,
unable to find the friends, were returning to Indiana.

 That evidence does not lead to the conclusion that the property
seized was used or was intended to be used in the commission of a
felony. Although there were suspicious circumstances, we can find no
evidence that connects this seized property to illegal activity.

 We hold there is no evidence establishing such a substantial link
as required by law.

 REVERSED.

 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 14th day of December, 2000.